**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**UNITED STATES OF AMERICA**

**vs.**                                              **Case No. 4:04cr13-SPM**
                                                     **Case No. 4:12cv401-SPM/CAS**


**CARLINE DEMESYEUX,**

              **Defendant.**

_____/


## REPORT AND RECOMMENDATION TO DISMISS § 2255 MOTION

On July 21, 2012, Defendant Carline Demesyeux, proceeding pro se, filed a

motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Doc.

149.  Defendant also filed a motion for appointment of counsel.  Doc. 150.  Defendant

seeks relief based on the United States Supreme Court's recent decisions in Missouri v.

Frye, – U.S. –, 131 S.Ct. 1399 (Mar. 21, 2012), and Lafler v. Cooper, – U.S. –, 131

S.Ct. 2225 (Mar. 21, 2012).

On August 20, 2012, the Government filed a motion to dismiss the § 2255 motion

because it is untimely and successive.  Doc. 151.  On September 20, 2012, this Court

allowed Defendant until October 19, 2012, to file a reply to the motion to dismiss.  Doc.

152.  On October 10, 2012, Defendant filed a letter in this Court indicating she concurs with the motion to dismiss and wants to have the successive petition dismissed.  Doc. 153.

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After reviewing the record, the undersigned concludes the Court lacks jurisdiction to entertain Defendant's § 2255 motion and, accordingly, the Government's motion to dismiss should be granted.

Defendant was previously denied relief under § 2255.  *See* Docs. 74 and 77 (motions filed pursuant to 28 U.S.C. § 2255), 84 (report and recommendation to deny § 2255 motion with prejudice), 87 (order adopting recommendation and denying § 2255 motion with prejudice), 89 (denying certificate of appealability and motion to appeal in forma pauperis).  Before filing a second or successive application for § 2255 relief in the district court, Defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. §§ 2244(b)(3), 2255(h); *see, e.g.,* Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005).  Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion.

Therefore, as the Defendant concedes, the Government's motion should be granted and the instant § 2255 motion should be summarily dismissed.

**Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

After review of the record, the undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the Court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      The Government's motion to dismiss (Doc. 151) be **GRANTED**, and Defendant's motion pursuant to 28 U.S.C. § 2255 (Doc. 149) be **SUMMARILY DISMISSED**.

2.      Defendant's motion for appointment of counsel (Doc. 150) be **DENIED**.

Case Nos. 4:04cr13-SPM and 4:12cv401-SPM/CAS

3.    A certificate of appealability be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 19, 2012.


S/   **Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**